PHILLIP A. TALBERT
United States Attorney
ANGELA L. SCOTT
Assistant United States Attorney

    United States Attorney's Office
    501 I Street, Suite 10-100
    Sacramento, CA. 95814
    Telephone: (916) 554-2700

KRISTEN CLARKE
Assistant Attorney General, Civil Rights Division
CHRISTOPHER J. PERRAS
Special Litigation Counsel

    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530
    Telephone: (202) 514-3847

MATTHEW G. OLSEN
Assistant Attorney General, National Security Division
JACOB WARREN
Trial Attorney

    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530
    Telephone: (202) 514-2007

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-257-DC |
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| MATTHEW ROBERT ALLISON, | |
| Defendant. | |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     1

## I. STIPULATION

1. Plaintiff United States of America ("government"), by and through its counsel of record, and defendant Matthew Robert Allison ("defendant"), by and through his counsel of record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of discovery materials in this case, including additional restrictions regarding materials marked "Sensitive," which contain personal identifying information ("PII") and other confidential information of victims and undercover employees of law enforcement agencies ("Sensitive Materials" as defined *infra* Paragraph 9.b), and materials marked "Attorneys'-Eyes Only," which contain PII and other confidential information of confidential informants and/or concern ongoing investigations ("AEO Materials" as defined *infra* Paragraph 9.c).

2. As part of its investigation in this case, the government is in possession of materials relating to the charges against the defendant, including reports from law enforcement, phone extraction reports, business and law enforcement records, emails, and other evidence that contains PII and other confidential information for real persons, including, among other things, personal names, addresses, Social Security numbers, and dates of birth. These real persons include victims, witnesses, and/or third parties to this case. The government seeks to provide these materials to counsel for the defendant.

3. The government also possesses, or may come to possess, recordings, documents, reports, or other materials the disclosure of which may ordinarily be required by the government's Rule 16, Jencks Act, or Brady obligations, but the dissemination of which could pose a serious risk to certain victims or witnesses, including confidential informants and undercover employees of law enforcement agencies, and/or to ongoing investigations (the "Sensitive Materials" and "AEO Materials").

4. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of discovery materials in this case, and to impose additional restrictions on discovery materials containing PII, Sensitive Materials, and AEO Materials. If such materials are disclosed without protective measures, or to defendant without limitation, it will risk the privacy and security of the people to whom the information relates. The information could itself be used

to further criminal activity if improperly disclosed or used.  The United States has ongoing statutory and ethical obligations to protect victims and witnesses.

5. Due to the nature of this case, PII, Sensitive Materials, and AEO Materials make up a significant part of the discovery materials, and this information in many instances has evidentiary value itself.  While the government has redacted a significant portion of PII, Sensitive Materials, and AEO Materials, redacting all such information would be difficult and would delay the production of discovery materials to the defendant.  Further, if the government were to attempt to redact all of this information, the defense would receive a set of discovery that would be confusing and difficult to understand, and could inhibit prompt and just resolution of the case.

6. Accordingly, the parties jointly request a Protective Order that will permit the government to produce discovery that is, in part, unredacted, but preserves the privacy and security of victims, witnesses, and third parties.  The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of victims, witnesses, and third parties, while permitting the Defense Team to understand the United States' evidence against the defendant.

7. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II.    PROPOSED PROTECTIVE ORDER

### A.    Protected Materials

8. This Order pertains to all discovery provided or made available to defense counsel in this case (hereafter, collectively "Protected Materials").

9. For purposes of the Protective Order:

a) the term "Personal Identifying Information" ("PII") includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).  PII also includes any address, telephone number, birth dates, social security numbers, or email address.

b) Information or documents (other than PII) the dissemination of which could pose

a serious risk to any undercover employees of law enforcement agencies or to victims targeted by the Terrorgram Collective, will be referred to as "Sensitive Materials." Sensitive Materials will be conspicuously marked as such by the Prosecution Team with the word "**SENSITIVE**"—bolded, in all caps, with red lettering—appearing at the bottom of each page.

        c)      Information or documents (other than PII) the dissemination of which could pose a serious risk to any confidential informants and/or to ongoing investigations will be referred to as "AEO Materials." AEO Materials will be conspicuously marked as such by the Prosecution Team with the word "**ATTORNEYS' EYES ONLY**"— bolded, in all caps, with red lettering— appearing at the bottom of each page.

10. If a member of the Defense Team makes notes that memorialize, in whole or in part, the PII in any Protected Materials, or information from any document labeled "Sensitive Materials" or "AEO Materials," or if copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order, and must be handled in accordance with the terms of the Protective Order.

**B.     Defense Team**

11. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

12. For purposes of this Order, the term "Defense Team" refers to (1) defendant's counsel of record, (2) other attorneys at Defense Counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, and other attorneys with their law firm or defense organization assisting with the case, (3) staff assisting with the case, including paralegals, analysts, investigators, legal assistants, litigation support staff, interns, and law clerks, and (4) experts retained by the defense in connection with this case.  The term "Defense Team" does not include the defendant, the defendant's family, or other associates of the defendant, nor does it include the co-defendant, the co-defendant's counsel of record, or the co-defendant's defense team.

13. Defense Counsel may provide Protected Materials to other members of the Defense Team, provided that, prior to doing so, defense counsel shall give the person receiving the discovery

materials a copy of the Protective Order, and shall inform that person that the person is subject to the terms of the Protective Order.

### C. Prosecution Team

14. For purposes of this Order, the Prosecution Team refers to: (1) counsel of record for the United States and other Department of Justice attorneys assisting with the case, (2) federal agents working on the case, (3) staff assisting with the case, including paralegals, analysts, investigators, legal assistants, litigation support staff, interns, and law clerks, and (4) experts retained by the United States in connection with the case.

### D. Disclosure of Protected Materials

15. No person or party shall use any Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendant, or any third party. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order. Extrajudicial disclosure of Protected Materials to unauthorized third parties, including but not limited to the media, is prohibited.

16. Defendant may review Sensitive Materials in this case only in the presence of a member of the Defense Team, and Defense Counsel shall ensure that defendant is never left alone with any Sensitive Materials. Defendant may not copy, keep, maintain, or otherwise possess any of such Sensitive Materials at any time. Defendant must return any Sensitive Materials to the Defense Team at the conclusion of any meeting at which defendant reviews the Sensitive Materials. Defendant may not take any Sensitive Materials out of the room in which he is meeting with the Defense Team. Defendant may not write down or memorialize any PII contained in the Sensitive Materials. At the conclusion of any meeting with defendant, the members of the Defense Team present shall take with them all Sensitive Materials.

17. The Defense Team shall receive any AEO Materials on an attorneys' eyes-only basis.

The Defense Team may not disclose any Protected Materials labeled "AEO Materials" to the defendant or any other person outside of the Defense Team, nor shall the Defense Team provide information to the defendant or any other person outside of the Defense Team about the contents of those materials.

18. If, during the pendency of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures (1) defendant is not provided a copy of any document labeled "Sensitive Materials" or "AEO Materials," pursuant to the restrictions in Paragraphs 16 and 17, respectively; and (2) that all PII contained in the Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 24. If Defense Counsel provides a copy to defendant subject to these conditions, Defense Counsel or a member of the Defense Team must contemporaneously memorialize in writing that it has not provided defendant with any document labeled Sensitive Materials or AEO Materials, has fully redacted PII from the Protected Materials, and has otherwise complied with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court. If at any time Defense Counsel provides Protected Materials to the defendant, Defense Counsel must also provide a copy of this Order and advise the defendant that the defendant is bound by the terms of this Order.

19. The Defense Team may review Protected Materials with a non-defendant witness or a non-defendant potential witness in this case, except for AEO materials, which, pursuant to paragraph 17, the Defense Team may not share. Before being shown any portion of the Protected Materials, however, any witness or potential witness must be informed of the existence of the Protective Order and given a copy of the Protective Order. No witness or potential witness may retain Protected Materials, or any copy thereof.

20. Defense Counsel shall advise the Prosecution Team with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the Prosecution Team may take action to resist or comply with such demands as it may deem appropriate.

E. **Ensuring Security of Protected Materials**

21. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office or otherwise secure facility where visitors are not left unescorted, to prevent unauthorized third-parties from accessing the Protected Materials.

22. A copy of the Protective Order must be stored with the discovery, in paper form and electronically.

23. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer or device.  Encryption keys must be stored securely and not written on the storage media that they unlock.

24. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER."  For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

**F.    Filings**

25. Before filing any pleading in the above-captioned case that contains PII, either in the body of the pleading or in an attached exhibit, the filing party shall either redact the PII before filing the pleading, or, if the PII is relevant to the issue addressed in the pleading, the filing must be made under seal as provided for by the local rules. Any pleading that contains, either in the body of the pleading or in an attached exhibit, information from documents/files labeled "Sensitive Materials" or "AEO Materials", shall be filed under seal as provided for by local rules. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such

information shall redact the PII and information from Sensitive Materials and AEO Materials and make all reasonable attempts to limit the divulging of PII or information from Sensitive Materials and AEO Materials.

### G.  Conclusion of Prosecution

26. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

27. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

28. If, upon final disposition of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that (1) defendant is not provided a copy of the documents/files labeled "Sensitive Materials" or "AEO Materials"; and (2) all PII contained in the Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 24. If Defense Counsel provides a redacted copy to defendant subject to the above conditions, Defense Counsel or a member of the Defense Team must contemporaneously attest in writing that it has removed the Sensitive Materials and AEO Materials, fully redacted PII from the Protected Materials, and otherwise complied with this Order. This written certification need not be disclosed or produced to the Prosecution Team unless ordered by the Court.

### H.  Termination or Substitution of Counsel

29. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian

of materials, and shall then become responsible for complying with all provisions of this Protective Order. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### I. Modification of Order

30. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### J. Violation of Order

31. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

### K. Application of Laws

32. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

33. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated: October 17, 2024

| /s/ Angela L. Scott | /s/ Christopher J. Perras | /s/ Jacob Warren |
|---|---|---|
| ANGELA L. SCOTT | CHRISTOPHER J. PERRAS | JACOB WARREN |
| Assistant U.S. Attorney | Special Litigation Counsel | Trial Attorney |

Dated: October 17, 2024

/s/ John Balazs per email authorization
JOHN BALAZS
Counsel for Defendant
MATTHEW ALLISON

### FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order,

which this Court incorporates by reference in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED.

Dated:  October 18, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE