MICHELE BECKWITH
Acting United States Attorney
ROBERT ABENDROTH
Assistant United States Attorney

    United States Attorney's Office
    501 I Street, Suite 10-100
    Sacramento, CA. 95814
    Telephone: (916) 554-2700

MAC WARNER
Deputy Assistant Attorney General, Civil Rights Division
CHRISTOPHER J. PERRAS
Special Litigation Counsel
SAMUEL KUHN
Trial Attorney

    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530
    Telephone: (202) 514-3847

SUE BAI
Supervisory Official, National Security Division
JACOB WARREN
PATRICK CASHMAN
Trial Attorneys

    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530
    Telephone: (202) 514-2007

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00257-DC |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND ORDER |
| v. | |
| MATTHEW ROBERT ALLISON, | |
| Defendant. | |

# STIPULATION

1.   By previous order, this matter was set for status on March 28, 2025.

2.   By this stipulation, the parties now move to continue the status conference until August 8, 2025, and to exclude time between March 28, 2025, and August 8, 2025, under Local Codes T2 and T4.

3.   The parties agree and stipulate, and request that the Court find the following:

    a)   At the previous status conference, on January 17, 2025, the Court granted the government's request to designate a Classified Information Security Officer pursuant to the Classified Information Procedures Act ("CIPA"), and, at the request of counsel for both Defendants, the Court deferred setting a discovery and motion schedule in relation to the classified information.  The government anticipates filing its CIPA Section 4 brief on or before June 6, 2025.

    b)   In mid-March, the government will provide defense counsel with unclassified discovery consisting of more than 3,500 files, including thousands of pages of documents, hundreds of hours of audio and video recordings, and the complete digital images of two devices seized from the defendants, which together comprise approximately 25 terabytes of data.  These materials will be produced pursuant to a Protective Order.  Moreover, the nature of the charges contained within the indictment, volume of discovery, and the issues presented concerning the CIPA make the case unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

    c)   Each counsel for the defendant will be engaged in lengthy trials between now and July, including *United States v. Reyes-Castillo*, 2:19-CR-103-GMN, which is set to begin in the District of Nevada on April 21, 2025, and is expected to last twelve weeks; *United States v. Mitchell*, 2:20-CR-00239-WBS, which is set to begin in the Eastern District of California on March 18, 2025, and is expected to last two weeks; and a homicide trial in Sacramento County which is set to begin in mid-May and last at least two weeks.

    d)   Counsel for the defendant will require additional time to review the discovery materials and charges, conduct investigation, conduct research related to the charges, to assess

1  the viability of any pretrial motions, and arrange for in-person visits to discuss defenses and

2  potential resolutions with their client.

3     e)  Counsel for the defendant believes that failure to grant the above-requested

4  continuance would deny them the reasonable time necessary for effective preparation, taking into

5  account the exercise of due diligence.

6     f)  Based on the above-stated findings, the ends of justice served by continuing the

7  case as requested outweigh the interest of the public and the defendants in a trial within the

8  original date prescribed by the Speedy Trial Act.

9     g)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

10  *et seq.*, within which trial must commence, the time period of March 28, 2025 to August 8, 2025,

11  inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(ii) and (iv) [Local

12  Codes T2 and T4] because it results from a continuance granted by the Court at the parties'

13  request on the basis of the Court's finding that the ends of justice served by taking such action

14  outweigh the best interest of the public and the defendant in a speedy trial.

15          [CONTINUED ON NEXT PAGE]

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME   3
PERIODS UNDER SPEEDY TRIAL ACT

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act warrant time periods excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 18, 2025

| MICHELE BECKWITH | MAC WARNER | SUE BAI |
|---|---|---|
| Acting United States Attorney | Deputy Assistant Attorney General | Supervisory Official |
| Eastern District of California | Civil Rights Division | National Security Division |
| /s/ *Robert Abendroth* | /s/ *SAMUEL KUHN* | /s/ *PATRICK CASHMAN* |
| ROBERT ABENDROTH | SAMUEL KUHN | PATRICK CASHMAN |
| Assistant U.S. Attorney | Trial Attorney | Trial Attorney |

Dated:  March 18, 2025           By:   */s/ John Balazs*
                                       John Balazs

                                       */s/ Kyle Knapp*
                                       Kyle Knapp
                                       Counsels for Matthew Robert Allison

**ORDER**

IT IS SO ORDERED.

Dated:   **March 21, 2025**         _____
                                     Dena Coggins
                                     United States District Judge

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

4