JOHN BALAZS, Bar # 157287
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
Telephone: (916) 447-9299
balazslaw@gmail.com

KYLE KNAPP, Bar #166587
Attorney at Law
916 2nd Street, Second Floor
Sacramento, CA 95814
Telephone: (916) 441-4717
kyleknapp@sbcglobal.net

Attorneys for Defendant
MATTHEW ROBERT ALLISON

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW ROBERT ALLISON,<br><br>    Defendant. | CASE NO.  2:24-CR-00257-DC<br><br>**STIPULATION AND [PROPOSED] ORDER** |

  Defendant Matthew Robert Allison, through his counsel, and the United States, through its counsel, hereby stipulate to continue the status conference in this case from August 8, 2025 to October 31, 2025, for the reasons that follow:

  1. At a status conference on January 17, 2025, the Court granted the government's request to designate a Classified Information Security Officer pursuant to the Classified Information Procedures Act ("CIPA"), and, at the request of counsel for both defendants, the Court deferred setting a discovery and motion schedule in relation to the classified information.

  2. On March 27, 2025, the government provided defense counsel its third supplemental discovery production, which consisted of more than 3,500 files, including thousands of pages of

1

1    documents, hundreds of hours of audio and video recordings, and the complete digital images of two
2    devices seized from the defendants, which together comprise 25 terabytes of data.  Specifically on
3    March 27, the government produced all non-native files to defense counsel for both defendants along
4    with a placeholder for the two seized devices, which were too large to be transmitted digitally.  In early
5    April, defense counsel gave the government hard drives, which the government returned loaded with the
6    discovery.

7    3.    Mr. Allison is currently incarcerated in Colusa County Jail, approximately 65 miles from
8    Sacramento.  The discovery materials are produced pursuant to a protective order, which makes
9    counsel's review of the discovery with their client more time consuming.

10    4.    Defense counsel have expended over 300 hours to date working on the case but will need
11    significant more time to complete review of discovery, conduct investigation, evaluate and prepare
12    pretrial motions, and consult with Mr. Allison at the Colusa County Jail.  Defense counsel believe that
13    failure to grant the above-requested continuance would deny them the reasonable time necessary for
14    effective preparation, taking into account due diligence.

15    5.    The high volume of discovery, coupled with the nature and scope of the charges in the
16    indictment and other circumstances of the case, make the case so unusual and complex that it is
17    unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself to be
18    completed within the time limits established by the Speedy Trial Act.

19    6.    Based on the above-stated findings, the ends of justice served by continuing the case as
20    requested outweigh the interest of the public and the defendants in a trial within the original date
21    prescribed by the Speedy Trial Act.  For the purposes of computing time under the Speedy Trial Act, 18
22    U.S.C. § 3161, et. seq., within which trial must commence, the time period of August 8, 2025 to
23    October 31, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(ii) and
24    (iv) [local codes T2 and T4] because it results from a continuance granted by the Court at the parties'
25    request on the basis of the Court's finding that the ends of justice served by taking such action outweigh
26    the best interest of the public and the defendant in a speedy trial.

[CONTINUED ON NEXT PAGE]

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act warrant time periods excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: July 25, 2025

| | | |
|---|---|---|
| KIMBERLY SANCHEZ<br>Acting United States Attorney<br>Eastern District of California | HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division | JOHN A. EISENBERG<br>Assistant Attorney General<br>National Security Division |
| /s/ Robert Abendroth<br>ROBERT ABENDROTH<br>Assistant U.S. Attorney | /s/ Christopher J. Perras<br>CHRISTOPHER J. PERRAS<br>Special Litigation Counsel<br>Samuel A. Kuhn<br>Trial Attorney | /s/ Patrick Cashman<br>PATRICK CASHMAN<br>Trial Attorney |

Dated: July 26, 2025

/s/ John Balazs
JOHN BALAZS

/s/ Kyle Knapp
KYLE KNAPP

Attorneys for Defendant
MATTHEW ROBERT ALLISON

3

**ORDER**

The Court, having received, read and considered the parties' stipulation and good cause appearing therefrom, ADOPTS the parties' stipulation. Accordingly, the State Conference as to Defendant Matthew Robert Allison scheduled for August 8, 2025, at 9:30 a.m. is HEREBY VACATED and RESET for October 31, 2025, at 9:30 a.m. in Courtroom 8 before the Honorable Dena M. Coggins. The time period between August 8, 2025 and October 31, 2025 inclusive, is excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), B(ii), and (iv) [Local Codes T2 and T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: __**July 29, 2025**__

Dena Coggins
United States District Judge

2