ERIC GRANT
United States Attorney
ROBERT ABENDROTH
Assistant United States Attorney

United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, CA. 95814
Telephone: (916) 554-2700

HARMEET K. DHILLON
Assistant Attorney General, Civil Rights Division
CHRISTOPHER J. PERRAS
Special Litigation Counsel

U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 514-3847

JOHN A. EISENBERG
Assistant Attorney General, National Security Division
PATRICK CASHMAN
Trial Attorney

U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 514-2007

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW ROBERT ALLISON,<br>Defendant. | CASE NO. 2:24-CR-00257-DC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND ORDER |

**STIPULATION**

1. By previous order, this matter was set for three hearings on October 9, 2026: (1) an *ex parte* hearing with the government regarding the Classified Information Procedures Act ("CIPA"); (2) an *ex parte* CIPA hearing with the defense; and (3) a status hearing. ECF 121.

2. The Classified Information Security Officer ("CISO") informed government counsel that the *ex parte* CIPA hearings may be continued to enable the Court to review the classified materials, in addition to the parties' CIPA pleadings, prior to the CIPA hearings.

3. If the *ex parte* CIPA hearings are continued to a later date, the parties jointly request, through this stipulation, that the status hearing be continued as well. The primary purpose of the status hearing was to set a briefing schedule for dispositive motions. It is the position of defense counsel that it would be premature to set a briefing schedule on dispositive motions until the Court rules on what materials are discoverable under CIPA and other authorities. For those reasons, the parties respectfully move to continue the status hearing to December 11, 2026.

4. The parties agree and stipulate to this motion to continue, and request that the Court make the following findings under the Speedy Trial Act ("STA"):

a) The high volume of discovery, coupled with the nature and scope of the charges in the indictment, and the presence of classified materials in the case file, make the case so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the STA.

b) To date, the government has completed five discovery productions consisting, in total, of more than 75,000 pages of documents; more than 2000 audio and video files; and the digital images of several devices.

c) The discovery productions were produced pursuant to a protective order, which increases the amount of time it takes for defense counsel and the defendant to review and discuss the discovery materials. Mr. Allison is currently incarcerated at the Nevada County Jail, approximately 65 miles from Sacramento.

d) Defense counsel have expended hundreds of hours to date working on the case but will need additional time to complete review the discovery materials and charges, conduct

investigation, conduct research related to the charges, assess the viability of any pretrial motions, and arrange for in-person visits with the defendant to review evidence and discuss defenses and potential resolutions.

e) Counsel for the defendant believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the STA.

g) For the purpose of computing time under the STA, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of August 7, 2026, to December 11, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(ii) and (iv) [Local Codes T2 and T4] because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the STA warrant time periods excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: October 1, 2026

ERIC GRANT
United States Attorney
Eastern District of California

/s/ *Robert Abendroth*
ROBERT ABENDROTH
Assistant U.S. Attorney

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

/s/ *Christopher J. Perras*
CHRISTOPHER J. PERRAS
Special Litigation Counsel

JOHN A. EISENBERG
Assistant Attorney General
National Security Division

/s/ *Patrick Cashman*
PATRICK CASHMAN
Trial Attorney

Dated: October 1, 2026

By: */s/ John Balazs*
John Balazs
Kyle Knapp
Counsel for Matthew Allison

**ORDER**

IT IS HEREBY ORDERED as to Matthew Robert Allison, the court, having received, read and considered the parties' stipulation filed on October 1, 2026 (Doc. No. 123), and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the *Ex Parte* Hearing with the Government regarding Classified Information Procedures Act ("CIPA"); the *Ex Parte* Hearing with the Defense regarding Classified Information Procedures Act ("CIPA"); and the Status Conference scheduled for October 9, 2026, is VACATED and RESET for December 11, 2026 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between August 7, 2026 and December 11, 2026, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(ii) and (iv) [Local Codes T2 and T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated: **October 1, 2026**

Dena Coggins
United States District Judge